# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| THERESE C. COURTNEY, | : | |
| Plaintiff, | : | Case No. 3:12cv00329 |
| vs. | : | District Judge Thomas M. Rose |
| | | Chief Magistrate Judge Sharon L. Ovington |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | : | |
| | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon Plaintiff's Motion for Allowance of Attorney Fees (Doc. #15), the Commissioner's Response (Doc. #16), Plaintiff's Reply (Doc. #17), and the record as a whole.

Plaintiff and her counsel entered into a written contingency-fee agreement, specifying counsel's fee will be 25% of any lump sum award for past-due benefits or a minimum of $2,000, whichever is greater. (Doc. #15-3). The agreement therefore documented, on one hand, Plaintiff's agreement to pay attorney fees in the amount of 25% of any lump sum award for past-due benefits payable to Plaintiff, and, on the other

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

hand, counsel's willingness to accept the risk of recovering zero attorney fees in the event Plaintiff received no past-due benefits. *Id.* Plaintiff later prevailed in this case. On remand to the Social Security Administration, she received past-due Disability Insurance Benefits and Supplemental Security Income. (Doc. #15-4, 15-5). The Social Security Administration withheld $18,015.00 – or 25% – of past due benefits to cover any attorney's fees. (Doc. #15-5, *PageID#* 1124).

Plaintiff's counsel now seeks an award of $18,015.00 in attorney fees under 42 U.S.C. § 406(b) and due to the existence of the contingency-fee agreement.

Title 42 U.S.C. § 406(b) authorizes the Court to award attorney's fees when a Plaintiff brought in the District Court a successful challenge to the Commissioner's denial of the Plaintiff's application for Social Security benefits. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997). Such an award may not exceed 25% of the past-due benefits that the claimant received as a result of the successful challenge. *See id.*; *see also* 42 U.S.C. § 406(b)(1). Plaintiff's attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

A 25% contingency-fee agreement between a plaintiff and his or her attorney "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v.*

*Brown*, 865 F.2d 739, 746 (6th Cir. 1989).  And an award of attorney fees under § 406(b) is not unreasonable merely because it results in an above-average hourly rate.  *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990).  As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the requested fee by the number of attorney hours worked].  In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time.  The hourly rate in the next contingent fee case will be zero, unless benefits are awarded.  Contingent fees generally overcompensate in some cases and undercompensate in others.  It is the nature of the beast.

*Royzer*, 900 F.2d at 982.  Yet a reduction of the contingency-fee award may be warranted if (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would . . . enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended."  *Id.*  "[A] windfall can never occur when, in a case where a contingency-fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market."  *Hayes v. Sec'y of Health & Human Servs.*, 932 F.2d 418, 422 (6th Cir. 1990).  This "multiplier of 2 is an appropriate floor in light of indications that social security attorneys are successful in approximately 50% of cases they file in the courts.  Without a multiplier, a strict hourly rate would insure that social security attorneys would not, averaged over many cases, be compensated adequately."  *Id.*

3

The Commissioner opposes the amount of Plaintiff's requested award, arguing "[a]n award of $18,015.00 does not represent a reasonable fee because Plaintiff's attorneys failed to exclude hours from the fee request that are excessive, redundant, or otherwise unnecessary." (Doc. #16, *PageID#* 1154).  The Commissioner argues the number of hours that Plaintiff's attorneys requested – 55.5 – is "outside the range of what is seen in a typical social security appeal in this district," and accordingly, "should be reduced." (*Id.*, *PageID#* 1155).

The Commissioner opposes 15.25 attorney work-hours time and 1.75 legal assistant work-hours. (Doc. #16, *PageID#* 1156).  Specifically, the Commissioner opposes the following entries: 8 attorney work-hours for Attorney Donoff to review the draft brief of Attorney Gerhardt; 4.5 attorney work-hours for "receipt and review" of various routine court documents; 2 attorney work-hours for review of the Report and Recommendations and Judgment, and to advise client of the outcome; .75 attorney work-hours to prepare and file a motion for extension of time; and 1.75 hours of legal assistant work-hours to check the internet for the status of the Report and Recommendation and whether the agency was going to file an appeal. (Doc. #16, *PageID#* 1155-56).

Plaintiff's counsel argues that "[e]ven if you limit Plaintiff's hours to 40 hours, the requested fee should be approved as a matter of law." (Doc. #17, *PageID#* 1159).

There is no allegation or indication in the record of the case that Plaintiff's counsel acted improperly or provided ineffective assistance.  Likewise, the amount of requested attorney fees – $18,015.00 – does not constitute a windfall.  This is true even if the Court

were to accept the Commissioner's argument that the amount of attorney work-hours should be reduced by 15.25 and amount of legal assistant work-hours should be reduced by 1.75. (*See* Doc. #16). Eliminating these challenged hours would result in a new hourly total of 40.25 attorney work-hours and 3.5 legal assistant work-hours.

After subtracting $175 for legal assistant fees (3.5 hours x $50/hr), Plaintiff's counsel would be left with an award of $17,840 for 40.25 hours of work, or an hourly rate of $443.23. Viewing this, in turn, as the product of the applicable multiplier of 2, *see Hayes*, 923 F.2d at 422, translates to an hourly rate of $221.61. This hourly rate is nearly 20% less than the $270.00 x 2 = $540.00 hypothetical hourly rates used and permitted in *Pencil*, and in fact, is only minimally higher than the median $200 hourly rate of attorneys in Dayton, Ohio in or near 2010. *See Pencil v. Astrue*, 2012 WL 4364273 at *2 (S.D. Ohio, Sept. 24, 2012). Even reducing the amount of reasonable hours further than by just what the Commissioner opposes – to 35 work-hours – would result in a hourly rate of $509.71 (a hourly rate also less than the $540 hourly rate permitted in *Pencil*).

Given Plaintiff's counsel's skill and extensive experience in social security cases, *see* Doc. #15, the amount of $18,015.00 for 40.25 work-hours does not constitute a windfall. *Accord Wright v. Astrue*, No. 3:09-cv-115, 2012 U.S. Dist. LEXIS 93489, at *6-7, 2012 WL 2700393, at *2-3 (S.D. Ohio July 6, 2012) (Merz, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 103014 at *1, 2012 WL 3023258 at *1 (S.D. Ohio July 24, 2012) (Rice, D.J.) (approving a contingency fee award of $15,000.00 for 27.80 attorney hours (a hypothetical hourly rate of $539.57) under the Social Security Act).

For these reasons, Plaintiff's Motion for Allowance of Attorney Fees (Doc. #15) is well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Motion for Allowance of Attorney Fees (Doc. #15) be GRANTED;

2. The Commissioner be directed to pay Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the total amount of $18,015.00; and,

3. The case remains terminated on the docket of this Court.

August 29, 2014

                                                  s/Sharon L. Ovington
                                                  Sharon L. Ovington
                                      Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).